**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4182-17T2

W. BRUCE OVERBAY,

    Plaintiff-Respondent/
Cross-Appellant,

v.

MARY ELLEN OVERBAY,

    Defendant-Appellant/
Cross-Respondent.

_____

          Argued December 18, 2019 – Decided January 6, 2020

          Before Judges Haas and Enright.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-1083-01.

          Mary Ellen Overbay, appellant/cross-respondent, argued the cause pro se.

          William C. Dodd argued the cause for respondent/cross-appellant (Schenck Price Smith & King, LLP, attorneys; William C. Dodd, of counsel and on the brief).

PER CURIAM

In this post-judgment matrimonial matter, defendant Mary Ellen Overbay appeals from the Family Part's April 2, 2018 order entered by Judge Anthony F. Picheca, Jr. following a fifteen-day plenary hearing. Plaintiff W. Bruce Overbay has filed a cross-appeal from the same order.

In the order, the judge granted plaintiff's motion to modify his alimony and life insurance obligations following his retirement after reaching the age of seventy.[1] The order reduced plaintiff's alimony obligation from $2000 to $1000 per month retroactive to September 13, 2016, and terminated it entirely effective January 1, 2019. The judge also terminated the requirement that plaintiff maintain $150,000 in life insurance to secure the alimony obligation. Judge Picheca rendered a comprehensive seventy-seven page written decision containing his detailed findings of fact and conclusions of law.

On appeal, defendant argues that the judge: (1) erred in applying then-recent amendments to N.J.S.A. 2A:34-23 in eliminating plaintiff's alimony obligation following his retirement; (2) neglected to account for the differences in the Social Security benefits received by each party; (3) precluded her from maintaining the marital lifestyle; (4) failed to establish an alimony trust for her;

---

[1] Plaintiff is now seventy-six years old and defendant is seventy-two.

A-4182-17T2

(5) incorrectly declined to follow the law of the case doctrine; and (6) improperly barred her from calling plaintiff as a witness at the hearing. In his cross-appeal, plaintiff contends the judge erred by denying his request to terminate his alimony obligation as of his December 13, 2013 retirement date.

Based on our review of the record and the applicable law, we affirm substantially for the reasons expressed by Judge Picheca. We add the following brief comments.

The scope of our review of the Family Part's order is limited. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

While we owe no special deference to the judge's legal conclusions, Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995), we will only disturb the judge's factual findings and legal conclusions if we are "'convinced that they are so manifestly unsupported by or inconsistent with the

A-4182-17T2

competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412). "Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should an appellate court intervene and make its own findings to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v. G.I., 191 N.J. 596, 605 (2007)).

Applying these principles, the parties' arguments concerning the April 2, 2018 order reveal nothing so wide of the mark that we could reasonably conclude that a clear mistake was made by the judge. The record amply supports Judge Picheca's factual findings and, in light of those findings, his legal conclusions are unassailable. We therefore affirm the order in all respects.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4182-17T2